IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER DAWSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:20-cv-431-DWD |
| | ) |
| **C. WALL,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Christopher Dawson is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). He originally brought this action on October 28, 2019, filed as *Dawson v. C. Wall et al.*, Case No. 19-cv-1172-GCS. After screening the complaint, the Court severed his claims. (Doc. 1) This case pertains to Count 1 of the complaint:

> **Count 1:** First Amendment claim of retaliation against Wall for denying Dawson yard time, access to the barbershop, and cleaning supplies from March 1, 2019, until July 1, 2019.

Plaintiff's claim is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such relief, must be dismissed. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Discussion**

Plaintiff alleges that he was placed in segregation for seven days after an informant claimed Plaintiff was plotting to assault an officer. (Case No. 19-cv-1172-GCS, Doc. 1) According to the complaint, he lacked basic toiletries in segregation, and his cell was flooded with toilet water. He was punished after requesting to move to a different cell. He also filed grievances regarding the unhygienic conditions in segregation and the investigation of the informant's claim. Dawson alleges that Defendant Wall then retaliated against him by denying him access to the yard, barbershop, and cleaning supplies for over three months.

To the extent that Dawson is alleging that Wall retaliated against him for filing grievances, Dawson states a viable First Amendment retaliation claim against Wall. To state a claim for retaliation under the First Amendment, a plaintiff must allege that (1) he engaged in constitutionally protected speech, (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendants' actions. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012). The complaint satisfies the first element because grievances about conditions of confinement are protected speech under the First Amendment. *See Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010). The complaint also satisfies the second element because denying access to cleaning supplies, the yard, and the barbershop are more than minimal deprivations. *See Douglas v. Reeves*, 964 F.3d 643, 647 (7th Cir. 2020) ("Whether retaliatory conduct is sufficiently severe to deter is generally a question of fact [unless] the asserted injury is truly minimal . . . ."). And under a liberal construction of the complaint, Dawson has adequately alleged that

2

his grievances were the motivating factor for Wall's retaliatory acts.

## Disposition

**IT IS ORDERED** that the Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. Count 1 will proceed against Defendant Wall to the extent that it alleges Wall retaliated against Plaintiff for filing grievances.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant Wall: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Case No. 19-cv-1172-GCS, Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant

to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: November 23, 2021

_____
DAVID W. DUGAN
United States District Judge

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your complaint. After service has been achieved, defendant will enter his appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When defendant has answered, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed as a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, Plaintiff will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.