IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER DAWSON, R72570, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-431-DWD |
| | ) |
| CHAD WALL, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Christopher Dawson, an inmate of the Illinois Department of Corrections (IDOC) currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while at Pinckneyville. Plaintiff claims Defendant Wall retaliated against him from March 1, 2019, through July 1, 2019, by denying him yard time, access to the barbershop, and cleaning materials. Defendants filed a Motion for Summary Judgment (Doc. 30) on the issue of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Plaintiff did not respond despite being notified of the procedures to respond. (Doc. 32). The evidence supports Defendant's contention that Plaintiff failed to exhaust his administrative remedies, so summary judgment will be granted, and Plaintiff's claim will be dismissed for failure to exhaust.

## BACKGROUND

On May 8, 2020, another Judge of this District entered an Order that severed this claim into the present complaint. (Doc. 1). Plaintiff opted to proceed with this case, and the Court screened his complaint under 28 U.S.C. § 1915A. (Doc. 18). The sole claim in this complaint is Count 1, which alleges First Amendment retaliation against Wall for denying Plaintiff yard time, access to the barbershop, and cleaning supplies from March 1, 2019, until July 1, 2019.

Defendant argues in his summary judgment motion that Plaintiff failed to exhaust administrative remedies as to this claim because during the relevant time he only filed one grievance that mentioned Defendant but did not mention these specific claims. Two other grievances during the relevant time were not fully exhausted.

## FINDINGS OF FACT

Plaintiff submitted three grievances between March 1, 2019, and December 31, 2019, that concerned the barbershop, yard time, and cleaning supplies. First, on March 4, 2019, Plaintiff submitted Grievance #645-03-19, wherein he alleged that cleaning supplies were not being passed out regularly. (Doc. 31-1 at 23). The grievance does not mention any staff by name. Grievance #645-03-19 was fully exhausted at the institutional level, and it was timely appealed to the Administrative Review Board (ARB). (Doc. 31-1 at 21). The grievance was denied at all levels.

On April 16, 2019, Plaintiff submitted an emergency grievance #1155-04-19, wherein he alleged that a correctional officer denied him yard time. (Doc. 31-1 at 19-20).

The grievance mentions Defendant Wall but does not allege retaliation. The Warden deemed the grievance a non-emergency on April 19, 2019, and the counselor responded on April 24, 2019. After receiving the counselor's response, Plaintiff transmitted this grievance directly to the ARB. The ARB requested additional information about Plaintiff's exhaustion at the institutional level, but the grievance was never fully exhausted. (Doc. 31-1 at 18).

On June 5, 2019, Plaintiff submitted Grievance #1711-06-19 on two issues and he marked it an emergency. (Doc. 31-1 at 7). First, he complained that internal affairs staff were harassing him because he was placed in segregation. Second, he complained that Defendant Wall and other officers have stopped him from going to yard or barbershop. On June 7, 2019, the Warden deemed the grievance a non-emergency. On June 17, 2019, Plaintiff transmitted the grievance to the ARB, but it was returned to Plaintiff for institutional level responses from the counselor, grievance officer, and CAO. There is no evidence the grievance was ever exhausted at the institutional level or the ARB. (Doc. 31-1 at 6).

In the original complaint, Plaintiff alleged "I file a grievance on yard, hygiene issues, I sent response to Springfield. I grievance malice issues. No grievance were ever return." (Doc. 2 at 4). In the body of the Complaint, Plaintiff alleged as to Wall, "I grievance issues and nothing was done for over three months. Lieutenant Wall would claim I wasn't on list or I wasn't in compliance he would make lame excuses to why I couldn't go to yard along with excuses of me not getting barbershop, cleaning supply."

(Doc. 2 at 6).  Plaintiff included only one grievance form with his complaint, which was an ARB denial of a January 19, 2019 grievance about staff conduct.  (Doc. 2 at 13).

## CONCLUSIONS OF LAW

A. Legal Standards

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party.  *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).  Courts generally cannot resolve factual disputes on a motion for summary judgment.  *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted).  However, when the motion for summary judgment pertains to a prisoner's failure to exhaust administrative remedies, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust.  *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).  After hearing evidence, finding facts, and determining credibility, the court must decide whether to allow the claim to proceed or to dismiss it for failure to exhaust.  *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018).  The court is not required to conduct an evidentiary hearing if there is no genuine dispute of material fact, and the determination is purely legal.  *See e.g.*, *Walker v.*

*Harris*, 2021 WL 3287832 * 1 (S.D. Ill 2021); *Miller v. Wexford Health Source, Inc.*, 2017 WL 951399 *2 (S.D. Ill. 2017).

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d at 740. "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

As an inmate in the IDOC, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, et seq. (2017). The regulations first require an inmate to file his grievance with his counselor within 60 days of the discovery of an incident, occurrence, or problem that gave rise to the grievance. 20 ILL. ADMIN. CODE § 504.810(a). Administrative regulations require the grievance "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 ILL. ADMIN. CODE § 504.810(c). If the names of the individuals are unknown to the offender, he can still file the grievance but "must include as much descriptive information about the individual as possible." *Id.* Further, the Seventh Circuit has held that an inmate is required to provide enough

information to serve a grievance's function of giving "prison officials a fair opportunity to address [an inmate's] complaints." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

If the complaint is not resolved through the counselor, the grievance may be submitted to a grievance officer, who reports his or her findings and recommendations in writing to the Chief Administrative Officer (CAO). 20 ILL. ADMIN. CODE § 504.830(e). The CAO then provides the inmate with a written decision on the grievance. *Id.*

An inmate may request that a grievance be handled on an emergency basis by forwarding it directly to the CAO. 20 ILL. ADMIN. CODE § 504.840. If the CAO determines the grievance "should not be handled on an emergency basis, the offender shall be notified in writing that he or she may resubmit the grievance as non-emergency, in accordance with the standard grievance process." 20 ILL. ADMIN. CODE § 504.840(c).

If the inmate is not satisfied with the CAO's response, he can file an appeal with the IDOC Director through the Administrative Review Board (ARB). 20 ILL. ADMIN. CODE § 504.850(a). The ARB must receive the appeal within 30 days of the date of the CAO's decision. *Id.* The inmate must attach copies of the responses from the grievance officer and CAO to his appeal. *Id.* The ARB submits a written report of its findings and recommendations to the Director, who them makes a final determination. 20 ILL. ADMIN. CODE § 504.850(d), (e).

B. Analysis

Defendant filed his Motion for Summary Judgment (Doc. 30) and accompanying Memorandum (Doc. 31) on May 6, 2022. Per Local Rule 7.1, Plaintiff had 30 days to file a

response.[1] Plaintiff did not file a response within 30 days of Defendants Motion. Without a response, the Court considered the available record evidence, and still construed it broadly in Plaintiff's favor.

Grievance #645-03-19 discusses Plaintiff's complaint that he was not receiving cleaning supplies, and this grievance was fully exhaust to the ARB. However, grievance #645-03-19 is not sufficient to exhaust the claim against Defendant Wall because in the grievance Plaintiff does not mention any staff members by name, nor does he describe them using physical characteristics, or shift duties, etc.. (Doc. 31-1 at 23). An inmate may file a grievance if he does not know the name of the subject, but to properly exhaust a claim, he must at least describe the unnamed individual. 20 ILL. ADMIN. CODE § 504.810(c). Plaintiff's grievance does not satisfy this requirement, so it is not sufficient to exhaust his claim against Defendant Wall. It also makes no mention of retaliation, so it is further insufficient.

Grievances #1155-04-19 and #1711-06-19 are not sufficient to exhaust the claims against Defendant Wall because neither of these grievances were properly exhausted at the institutional level before Plaintiff transmitted them to the ARB. Plaintiff filed both grievances as 'emergency' but the CAO deemed both a non-emergency. The forms noted that Plaintiff would need to pursue the grievance in a normal manner. (Docs. 31-1 at 7, 19). There is no evidence that either of these grievances was fully exhausted at Pinckneyville. In both instances, the ARB requested further information about

---

[1] Plaintiff was notified of this obligation by Defendant's May 6, 2022 Notice. (Doc. 32).

exhaustion at Pinckneyville, but there is no evidence that Plaintiff responded to these requests from the ARB, which left the grievances unexhausted.

Grievance #1155-04-19 was written on April 16, 2019, the counselor responded on April 24, 2019, and the ARB sought further information on May 16, 2019.  (Doc. 31-1 at 18-20).  A grievance log supplied in support of summary judgment shows that the counselor's response was returned to Plaintiff on April 24, 2019, but it was never received by the grievance office for the second level of institutional review.  (Doc. 31-2 at 1-2).  Grievance #1711-06-19 was written on June 5, 2019, and it was deemed a non-emergency by the Warden on June 7, 2019.  (Doc. 31-1 at 7).  The counselor's response box is blank.  (Doc. 31-1 at 7).  On June 17, 2019, the ARB sought more information about exhaustion at Pinckneyville.  (Doc. 31-1 at 6).  The documents submitted by Defendant show that Plaintiff did not properly pursue exhaustion of these two grievances.  Additionally, it is evident from his full exhaustion of Grievance #645-03-19 that Plaintiff understood the full grievance procedure, and he was able to access it.

In addition to the grievances discussed above, the evidence submitted by Defendant includes other grievances during the relevant time that were properly exhausted.  For example, on June 5, 2019, the ARB denied Plaintiff's appeal of an April 10, 2019, grievance about portion sizes for meals and facility transfers because it concluded the issues were handled appropriately at the facility.  (Doc. 31-1 at 9).  This grievance, and others show that Plaintiff knew how to exhaust the grievance procedure, and he simply failed to do so for his claim against Wall.

Based on the available evidence, the Court concludes that Plaintiff failed to create a genuine dispute of fact on summary judgment, and he failed to exhaust his administrative remedies as is required to pursue a lawsuit against Defendant Wall.

### DISPOSITION

The Motion for Summary Judgment on the issue of exhaustion filed by Defendant Wall is (Doc. 30) is **GRANTED**.  Plaintiff's claim against Defendant is **DISMISSED** without prejudice for failure to exhaust.  The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: January 9, 2023

_____
DAVID W. DUGAN
United States District Judge